UNDER SEAL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:06CR154

FILED
IN COURT
CHARLOTTE, N. C.

AUG 2 3 2006

U. S. DISTRICT COURT
W. DIST. OF N. C.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | **SUPERSEDING** |
| v. ) | **BILL OF INDICTMENT** |
| ) | |
| ) Violations: | 18 U.S.C. § 371 |
| (1) WALTER FRANK PEREZ, a/k/a ) | 18 U.S.C. § 1028(a)(1) |
| CARLOS ARTURO ESCOBAR and ) | 18 U.S.C. § 1028(a)(7) |
| ESTEBAN M. BULLIS, ) | 18 U.S.C. § 1028A(a)(1) |
| (2) JOSE LIBARDO MORALES, ) | 18 U.S.C. § 1029(a)(1) |
| (3) GREGORY GARCIA PEREZ, ) | 18 U.S.C. § 1029(a)(2) |
| (4) CAROLINA MORALES, and ) | 18 U.S.C. § 1029(a)(3) |
| (5) JACQUE GARCIA. ) | 18 U.S.C. § 2 |
| ) | |

**THE GRAND JURY CHARGES:**

**COUNT ONE**

From in or around December 2004 and continuing to in or around January 2006, in Mecklenburg County, within the Western District of North Carolina, and elsewhere,

(1) WALTER FRANK PEREZ, a/k/a
CARLOS ARTURO ESCOBAR AND ESTEBAN M. BULLIS,
(2) JOSE LIBARDO MORALES,
(3) GREGORY GARCIA PEREZ,
(4) CAROLINA MORALES, and
(5) JACQUE GARCIA

and other persons known and unknown to the Grand Jury unlawfully combined, conspired, confederated, and agreed to commit against the United States the following offenses:

A. knowingly and without lawful authority producing an identification document, authentication feature, or a false identification document, in violation of 18 U.S.C. § 1028(a)(1);

*United States v Perez, et al.* Superseding Bill of Indictment – 1

B. knowingly transferring, possessing, or using, without lawful authority, a means of identification of another person with the intent to commit, or to aid and abet, or in connection with, any unlawful activity that constitutes a violation of federal law or a felony under an applicable state or local law, in violation of 18 U.S.C. § 1028(a)(7);

C. knowingly transferring, possessing or using, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), in violation of 18 U.S.C. § 1028A(a)(1);

D. knowingly and with intent to defraud producing, using and trafficking in one or more counterfeit access devices, and thereby affecting interstate or foreign commerce, in violation of 18 U.S.C. § 1029(a)(1); and

E. knowingly and with intent to defraud trafficking in or using one or more unauthorized access devices during a one-year period, and by such conduct obtains anything of value aggregating $1000 or more during that period and affects interstate or foreign commerce, in violation of 18 U.S.C. § 1029(a)(2).

## OVERT ACTS

In furtherance of the conspiracy and to promote its objects, WALTER FRANK PEREZ, a/k/a CARLOS ARTURO ESCOBAR AND ESTEBAN M. BULLIS ("WALTER FRANK PEREZ"), JOSE LIBARDO MORALES, GREGORY GARCIA PEREZ, CAROLINA MORALES, and JACQUE GARCIA (collectively the "defendants"), and other persons known and unknown to the Grand Jury, committed and caused to be committed various overt acts during the conspiracy within the Western District of North Carolina and elsewhere, including one or more of the following:

1. From in or around December 2004 and continuing to in or around January 2006, within the Western District of North Carolina and elsewhere, the defendants and other persons known and unknown to the Grand Jury did and attempted to manufacture, distribute and use counterfeit access devices, that is, counterfeit credit cards.

2. During the course of the conspiracy, and as a part of their fraudulent and illegal scheme and in furtherance of the same, the defendants traveled to and from the Western District of North Carolina to Florida and other locations so they could obtain counterfeit credit cards and other fraudulently made and illegal identification documents from, among other persons, unindicted co-conspirator Ariel Montero.

3. As a part of their fraudulent and illegal scheme and in furtherance of the same, the

defendants manufactured, possessed and used counterfeit and fraudulently made identification documents.

4. During the course of their fraudulent and illegal scheme, the defendants did and attempted to use the counterfeit credit cards in North Carolina, South Carolina, Virginia, Tennessee, and Georgia, and they obtained valuable goods and services, including luxury items, food, household goods, clothing, gasoline, and building materials for WALTER FRANK PEREZ's business.

5. On or about July 2, 2005, PEREZ used a counterfeit Target VISA card (#xxxxxxxxxxxx3208) to conduct a $367.83 fraudulent transaction at Gymboree, Pineville, North Carolina.

6. On or about July 2, 2005, PEREZ used a counterfeit Target VISA card (#xxxxxxxxxxxx3208) to conduct a $431.00 fraudulent transaction at Best Buy, Pineville, North Carolina.

7. On or about July 2, 2005, PEREZ used a counterfeit Target VISA card (#xxxxxxxxxxxx3208) to conduct a $306.00 fraudulent transaction at The Children's Place, Charlotte, North Carolina.

8. On or about July 13, 2005, PEREZ and JACQUE GARCIA used a counterfeit Visa card (#xxxxxxxxxxxx3737) to conduct a $226.54 fraudulent transaction at Food Lion, Mint Hill, North Carolina.

9. On or about July 14, 2005, PEREZ, JOSE LIBARDO MORALES, and GREGORY GARCIA PEREZ used a counterfeit Target Visa card (#xxxxxxxxxxxx3737) to conduct a $991.98 fraudulent transaction at Home Depot, Matthews, North Carolina.

10. On or about July 17, 2005, PEREZ and JACQUE GARCIA used a counterfeit Target Visa card (#xxxxxxxxxxxx3737) to conduct a $115.89 fraudulent transaction at Off Broadway Shoe Warehouse, Charlotte, North Carolina.

11. On or about September 1, 2005 and continuing to on or about September 5, 2005, JOSE LIBARDO MORALES and CAROLINA MORALES traveled from Charlotte, North Carolina to Miami, Florida, obtained approximately thirty (30) counterfeit credit cards and approximately seven (7) counterfeit driver's licenses, and then transported these illegal and unlawfully made items to Charlotte, North Carolina and other locations.

12. On or about December 27, 2005, JOSE LIBARDO MORALES possessed two (2) counterfeit Capital One Platinum Visa cards (#xxxxxxxxxxxx2297 and (#xxxxxxxxxxxx0585) and two (2) counterfeit Chase Platinum MasterCard cards (#xxxxxxxxxxxx3010 and #xxxxxxxxxxxx2150), all of which displayed the name of Samuel Garcia.

13. On or about December 27, 2005, JOSE LIBARDO MORALES possessed a counterfeit Ohio driver's license (#RL334543) in the name of Samuel Garcia but displaying JOSE LIBARDO MORALES's photograph.

14. On or about December 27, 2005, JACQUE GARCIA possessed five counterfeit credit cards: Citibank Visa card (#xxxxxxxxxxxx9126), displaying the name of Gladis Vidal; Wachovia Platinum Plus Visa card (#xxxxxxxxxxxxx6023) displaying the name of Carmen Torrez; Citibank Visa card (#xxxxxxxxxxxxx0048) displaying the name of Carmen Torrez; Capital One Professional Visa card (#xxxxxxxxxxxxx5932) displaying the name of Carmen Torrez; and Capital One Platinum Visa card (#xxxxxxxxxxxxx4079) displaying the name of Carmen Torrez.

15. On or about December 27, 2005, JACQUE GARCIA possessed two (2) counterfeit Ohio driver's licenses that displayed her photograph, one (#RL345789) in the name Gladis Vidal and another (#RL334585) in the name of Carmen Torres.

16. On or about December 27, 2005, GREGORY GARCIA PEREZ possessed eight (8) counterfeit credit cards displaying the name of Luiz Perez, including six (6) Citibank Visa cards (xxxxxxxxxxxxx4689, xxxxxxxxxxxxx6214, xxxxxxxxxxxxx6988, xxxxxxxxxxxxx9117, xxxxxxxxxxxxx8345, xxxxxxxxxxxxx0095), a Wachovia Platinum Plus card (xxxxxxxxxxxx7462), and a First USA Platinum Visa card (xxxxxxxxxxxx0945).

17. On or about December 27, 2005, GREGORY GARCIA PEREZ possessed a counterfeit Ohio driver's license (#RL426543) in the name of Luiz Perez but displaying GREGORY GARCIA PEREZ's photograph.

18. During the course of the fraudulent scheme and in furtherance of the same, the defendants conducted approximately 182 fraudulent transactions using counterfeit credit cards and unlawfully made identification documents, causing victims of their scheme to suffer approximately $92,000 in actual losses and $19,625.70 in intended losses.

All in violation of Title 18, United States Code Section 371.

## COUNTS TWO AND THREE

The allegations in Count One are realleged and fully incorporated herein by reference.

On or about the dates set forth below, in Mecklenburg County, within the Western District of North Carolina, and elsewhere,

**(1) WALTER FRANK PEREZ, a/k/a
CARLOS ARTURO ESCOBAR and ESTEBAN M. BULLIS**

*United States v Perez, et al.* Superseding Bill of Indictment – 4

and others known and unknown to the Grand Jury, aiding and abetting one another, knowingly and with intent to defraud used one or more unauthorized access devices, that is, counterfeit credit cards, during any one-year period, and by such conduct obtained something of value aggregating $1,000 or more during that period, and these offenses affected interstate and foreign commerce.

| COUNT | DATE | ACCESS DEVICE | DEVICE NUMBER |
|---|---|---|---|
| TWO | July 2, 2005 | Target VISA credit card | xxxxxxxxxxxx3208 |
| THREE | July 13, 2005 through July 14, 2005 | Target VISA credit card | xxxxxxxxxxxx3737 |

All in violation of Title 18, United States Code Sections 1029(a)(2) and 2.

## COUNT FOUR

The allegations in the preceding Counts are realleged and fully incorporated herein by reference.

On or about September 1, 2005 and continuing to on or about September 5, 2005, in Mecklenburg County, within the Western District of North Carolina, and elsewhere,

### (2) JOSE LIBARDO MORALES and
### (4) CAROLINA MORALES

and others known and unknown to the Grand Jury, aiding and abetting one another, knowingly and with intent to defraud conspired to, attempted to, and did produce, use and traffic in one or more counterfeit access devices, and this offense affected interstate or foreign commerce.

In violation of Title 18, United States Code Sections 1029(a)(1) and 2.

## COUNT FIVE

The allegations in the preceding Counts are realleged and fully incorporated herein by reference.

On or about December 27, 2005, in Mecklenburg County, within the Western District of North Carolina, and elsewhere,

### (2) JOSE LIBARDO MORALES

*United States v Perez, et al.* Superseding Bill of Indictment – 5

knowingly did and attempted to transfer, possess, and use, without lawful authority, a means of identification of another person (Ohio driver's license in the name of Samuel Garcia) with the intent to commit, or to aid and abet, or in connection with, an unlawful activity that constitutes a violation of federal law, that is, 18 U.S.C. § 1029(a)(1)(access device fraud).

In violation of Title 18, United States Code Section 1028(a)(7).

## COUNT SIX

The allegations in the preceding Counts are realleged and fully incorporated herein by reference.

On or about December 27, 2005, in Mecklenburg County, within the Western District of North Carolina, and elsewhere,

### (3) GREGORY GARCIA PEREZ

knowingly and without lawful authority did and attempted to transfer, possess, and use a means of identification of another person (Ohio driver's license in the name of Luiz Perez), with the intent to commit, or to aid and abet, or in connection with, an unlawful activity that constitutes a violation of federal law, that is, 18 U.S.C. § 1029(a)(1)(access device fraud).

In violation of Title 18, United States Code Section 1028(a)(7).

## COUNT SEVEN

The allegations in the preceding Counts are realleged and fully incorporated herein by reference.

On or about December 27, 2005, in Mecklenburg County, within the Western District of North Carolina, and elsewhere,

### (5) JACQUE GARCIA

knowingly and without lawful authority did and attempted to transfer, possess, and use a means of identification of another person (Ohio driver's licenses in the names of Gladis Vidal and Carmen Torres) with the intent to commit, or to aid and abet, or in connection with, an unlawful activity that constitutes a violation of federal law, that is, 18 U.S.C. § 1029(a)(1)(access device fraud).

In violation of Title 18, United States Code Section 1028(a)(7).

## COUNT EIGHT

The allegations in the preceding Counts are realleged and fully incorporated herein by reference.

On or about July 14, 2005, in Mecklenburg County, within the Western District of North Carolina, and elsewhere,

### (1) WALTER FRANK PEREZ, a/k/a
### CARLOS ARTURO ESCOBAR AND ESTEBAN M. BULLIS

knowingly and without lawful authority did and attempted to transfer, possess and use a means of identification of another person, during and in relation to access device fraud (18 U.S.C. § 1029(a)(1)), a felony violation enumerated in 18 U.S.C. § 1028A(c).

In violation of Title 18, United States Code Section 1028A(a)(1).

## COUNT NINE

The allegations in the preceding Counts are realleged and fully incorporated herein by reference.

On or about December 27, 2005, in Mecklenburg County, within the Western District of North Carolina, and elsewhere,

### (2) JOSE LIBARDO MORALES

knowingly and without lawful authority did and attempted to transfer, possess and use a means of identification of another person, during and in relation to access device fraud (18 U.S.C. § 1029(a)(1)), a felony violation enumerated in 18 U.S.C. § 1028A(c).

In violation of Title 18, United States Code Section 1028A(a)(1).

## COUNT TEN

The allegations in the preceding Counts are realleged and fully incorporated herein by reference.

On or about December 27, 2005, in Mecklenburg County, within the Western District of North Carolina, and elsewhere,

### (2) GREGORY GARCIA PEREZ

knowingly and without lawful authority did and attempted to transfer, possess and use a means of identification of another person, during and in relation to access device fraud (18 U.S.C. § 1029(a)(1)), a felony violation enumerated in 18 U.S.C. § 1028A(c).

In violation of Title 18, United States Code Section 1028A(a)(1).

### COUNT ELEVEN

The allegations in the preceding Counts are realleged and fully incorporated herein by reference.

On or about December 27, 2005, in Mecklenburg County, within the Western District of North Carolina, and elsewhere,

### (5) JACQUE GARCIA

knowingly and without lawful authority did and attempted to transfer, possess and use a means of identification of another person, during and in relation to access device fraud (18 U.S.C. § 1029(a)(1)), a felony violation enumerated in 18 U.S.C. § 1028A(c).

In violation of Title 18, United States Code Section 1028A(a)(1).

A TRUE BILL:

FOREPERSON

GRETCHEN C.F. SHAPPERT
UNITED STATES ATTORNEY

KENNETH M. SMITH
ASSISTANT UNITED STATES ATTORNEY